**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                  Case No. 3:12-cv-1029-J-99MMH-JRK

RONICA BOOKER,

        Defendant.
_____/

## **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Motion for Default Judgment (Doc. No. 8; "Motion"), filed December 4, 2012.[2] The Motion was referred to the undersigned upon filing. Attached to the Motion is a Declaration (Doc. No. 8-1; "Decl."), which appears to be completed by Defendant. Although given adequate time to do so, Defendant has failed to file a response to the Motion or otherwise appear.

### **I. Background**

Plaintiff initiated this action by filing the Complaint (Doc. No. 1) on September 19, 2012. The one-count Complaint seeks to reduce Defendant's defaulted student loan debt to judgment. Compl. at 1. Defendant waived service of process on October 6, 2012, and was informed that a response to the Complaint was due sixty (60) days from September 21, 2012. See Waiver of the Service of Summons (Doc. No. 5), filed October 29, 2012. On November

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] Plaintiff certifies that a copy of the Motion was mailed to Defendant on Decemeber 4, 2012. Motion at 4.

30, 2012, Plaintiff moved for entry of default because Defendant failed to timely respond to the Complaint or otherwise appear in this case. See Application to Clerk for Entry of Default (Doc. No. 6). The Clerk of the Court entered default against Defendant on December 3, 2012. See Entry of Default (Doc. No. 7). Thereafter, on December 4, 2012, the Motion was filed. When Defendant failed to file a response to the Motion, the Court took the Motion under advisement and directed Defendant to file a response. Order (Doc. No. 9), entered December 17, 2012.[3] As previously stated, Defendant has not responded to the Motion or made any appearance in this matter.

## II. Applicable Law

Rule 55, Federal Rules of Civil Procedure ("Rule(s)"), provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[4] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[3] A copy of the Motion was mailed to Defendant along with a copy of the Order.

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

### III.  Discussion

The Court has subject matter jurisdiction over this case because it is a civil action commenced by the United States. 28 U.S.C. § 1345 (providing district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States").[5]  The Court must now ensure that Plaintiff has stated a valid cause of action.

Here, the Complaint states in pertinent part as follows:

> This is a civil action brought by the United States to reduce [D]efendant Ronica Booker's defaulted Nursing Scholarship Program debt to judgment. Defendant executed the contract for the scholarship, and the United States of America is the present holder of the defaulted contract debt.  Defendant owes the United States principal in the amount of $41,994.00, plus interest in the amount of $25,328.86, as of September 12, 2012, and administrative charges of $428.00.  Interest accrues on the total principal amount of this debt at the rate of 12.625 percent per annum ($14.52 per day).

Compl. at 1.  Attached to the Complaint are two exhibits: 1) a "Nursing Scholarship Program Contract For Full-Time Student School Year 2003-2004," id. at pp. 3-4; and 2) a "Certificate of Indebtedness," id. at pp. 5-6.[6]  The sworn Certificate of Indebtedness confirms the allegations made in the Complaint. Id.  In addition to the relief outlined above, Plaintiff seeks prejudgment interest accruing on the principal amount at the rate of 12.625 percent per annum ($14.52 per day) beginning on September 13, 2012 through the date judgment is entered; post-judgment interest accruing from the date the judgment is entered at the legal rate until the debt is paid in full; and such other relief as may be warranted.  See id. at 2; see also Motion at 3.

---

[5]  In the Declaration attached to the Motion, Defendant indicated that she is not an active member of the military service of the United States of America and that she is not married. See Decl. Defendant signed the form and dated it October 19, 2012.  Id.  To the extent required, Plaintiff has complied with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.

[6]  Pursuant to Rule 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

For the Court to enter judgment "in favor of the United States, [the United States] must prove that (1) Defendant executed the note; (2) [the] United States is the present holder of the note; and (3) the note is in default." United States v. Hickey, No. 6:11-cv-1608-Orl-28KRS, 2012 WL 933229, at *2 (M.D. Fla. Feb. 27, 2012) (internal quotations and citation omitted) (unpublished report and recommendation), adopted, 2012 WL 933206 (Mar. 20, 2012) (unpublished).  Upon review of the allegations made in the Complaint, the undersigned finds that Plaintiff has properly stated a valid cause of action, and Plaintiff is entitled to entry of a default judgment.

Once a court determines that a plaintiff is entitled to default judgment, the court must determine whether a hearing is necessary to decide the amount of damages.  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also SEC v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005).  When the essential evidence regarding damages is before the court, a hearing on damages may be unnecessary. See Smyth, 420 F.3d at 1232 n.13.  Here, the undersigned finds that a hearing is unnecessary because the essential evidence relating to damages is before the Court.  See id.  The Complaint and the Certificate of Indebtedness establish that Defendant owes Plaintiff the following:

| | |
|---|---|
| Principal: | $41,994.00 |
| Interest as of 9/12/2012: | $25,328.86 |
| Administrative Charges: | $428.00 |
| Total: | $67,750.86 |

<u>See</u> Certificate of Indebtedness at 1.  Plaintiff is also entitled to prejudgment interest accruing on the total principal amount at the rate of 12.625 percent per annum ($14.52 per day) beginning on September 13, 2012 through the date judgment is entered, plus post-judgment interest from the date of judgment at the legal rate established by 28 U.S.C. § 1961.

## IV. Conclusion

Upon review of the Motion and the file, the undersigned finds that Plaintiff has met the requirements for entry of a default judgment against Defendant.  Accordingly, it is

**RECOMMENDED:**

1. That the Motion for Default Judgment (Doc. No. 8) be **GRANTED**.

2. That the Clerk of the Court be directed to enter judgment in favor of Plaintiff and against Defendant in the following amounts: $41,994.00 in principal; $25,328.86 in prejudgment interest as of September 12, 2012; $428.00 in administrative charges; prejudgment interest on the total principal amount at the rate of 12.625 percent per annum ($14.52 per day) beginning on September 13, 2012 through the date judgment is entered; and post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961.

3. That the Clerk of Court be further directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 13, 2013.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Ronica Booker
1157 Island Point Drive
Unit 201
Jacksonville, FL 32218